DELGADO, APPELLANT, *v.* THE REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Sale.

No. 250.—Decided November 9, 1915.

PUBLIC INSTRUMENT—SIGNATURE—ILLITERATE PARTY—WITNESS.—When one of the parties to a public instrument is unable or does not know how to sign, section 14 of the Notarial Act of March 8, 1906, requires that the notary shall so state in the instrument in order that a witness may sign for said party, and failure to comply with this formality renders the signature by the witness invalid. The statement of the witness that he signed in the name of the party because of the latter's physical inability cannot supply the omission of the notary to state that he was unable to sign.

ID.—SIGNATURE—ILLITERATE PARTY.—The failure of the notary to state that one of the parties who should have signed had failed to do so because he was unable or did not know how to sign renders the instrument null and void, according to section 20 of the Notarial Act.

ID.—DUTY OF NOTARY.—In drawing up public instruments notaries should follow strictly the statutory provisions and not act capriciously to the detriment of the rights of the interested parties.

The facts are stated in the opinion.

*Mr. Rafael Arce* for the appellant.

The respondent registrar did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

A deed of sale to a certain parcel of land, executed on July 10, 1913, by Juan Lozada Rodríguez in favor of Plácido Delgado Aponte before Notary Rafael Arce Rollet, was presented in the Registry of Property of Caguas and the registrar refused to admit the same to record for the reason stated in the following decision:

"The foregoing document is denied admission to record because it contains a contradiction in that while the officiating notary states that the parties to the deed signed and ratified the same, it appears that witness Canuto López signed for Juan Lozada Rodríguez at his request on account of his physical inability to sign and the notary fails to set out that fact, as is required by section 14 of the Notarial Act in force and the doctrine laid down by the Supreme Court of Porto Rico in the case of *Villanueva et al* v. *The Registrar of Property,* decided October 23, 1912.   A cautionary notice is entered, etc."

The vendee, Plácido Delgado Aponte, appealed from the said decision which is submitted to our consideration by virtue thereof.

The deed of sale referred to concludes as follows:

"They so say and covenant before witnesses Canuto López and Arcadio Almena Quiñones, residents of this locality and with legal capacity.

"Having waived their right, of which they were informed, to read the instrument for themselves, it was read to them and they ratified and signed the same.

### "ADMONITIONS.

"I, the notary, made all the necessary admonitions to the parties respecting this contract.

"I certify that I know the parties hereto and as to their ages, capacities, occupations, residences and other particulars set out in the deed I likewise certify in the manner required by the law in force. (Signed) Canuto López, as witness and in the name of Juan Lozada Rodríguez who is physically unable to sign, Plácido Delgado Aponte, Arcadio Almena Quiñones. (Signed) Rafael Arce, Notary Public."

Not the slightest reference is made in the body of the instrument to the fact that Juan Lozada Rodríguez could not or did not know how to sign.

After examining the decision appealed from in relation to sections 14 and 20 of the Act regulating the practice of the notarial profession in Porto Rico, approved March 8, 1906, we find that it conforms to law.

The said section reads as follows:

"Section 14.—Should the parties to the instrument, or any of them, be unable to sign, the notary shall state the fact, and one of the witnesses shall sign for the party, and such witness shall precede his signature with the note in his own handwriting that he signs for himself and for the party, in the name of said party or parties."

"Section 20.—The following public instruments shall be null and void:

\*        \*        \*        \*        \*        \*        \*

"3rd. Those in which the notary fails to certify as to his knowledge of the parties, or to supply this deficiency with witnesses of identification, or where the signature of the parties and witnesses, and the signature, mark and rubric of the notary, when requested (*sic*), do not appear."

In conformity with section 14, the officiating notary, Rafael Arce, should have stated in the instrument that Juan Lozada Rodríguez was unable to sign in order that Canuto López might sign in his name, and as the notary failed to comply with this formality, the signature of witness López is without legal effect. His statement that he signed in the name of Juan Lozada Rodríguez because of the latter's physical inability to do so cannot supply the omission of the notary to state that he was unable to sign. In the absence of such

statement Juan Lozada Rodríguez should have signed the instrument and his failure to do so renders it null and void in accordance with section 20, the pertinent part of which we have transcribed. The manifest contradiction pointed out by the registrar in his decision is also observed.

In view of their bearing upon the present case, we cite our decisions in the cases of *Rodríguez* v. *The Registrar of Property,* 14 P. R. R. 715, and *Villanueva et al.* v. *The Registrar of Property,* 18 P. R. R. 801.

In drawing up public instruments notaries should follow strictly the statutory provisions and not act capriciously to the detriment of the rights of the interested parties. The laws are made to be complied with and it is not proper to substitute them by arbitrary practices productive of litigation.

The decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.